# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JASON A. LASHARE, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 21-00473-KD-B |
| | * |
| SANDY COOLY, | * |
| *et al.*, | * |
| | * |
| Defendants. | |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on Plaintiff Jason A. LaShare's *pro se* complaint and motion to proceed *in forma pauperis*. (Docs. 1, 2). Upon careful review, Plaintiff's motion to proceed *in forma pauperis* is **DENIED,** and it is **RECOMMENDED** that this action be **dismissed without prejudice**, prior to service of process, pursuant to Rule 41(b) of Federal Rules of Civil Procedure, for failure to prosecute and failure to obey the Court's orders.

## I. BACKGROUND

On October 29, 2021, Plaintiff, Jason A. LaShare, filed a *pro se* complaint against Jail Administrator Sandy Cooly seeking relief under 42 U.S.C. § 1983 related to various incidents that occurred during his incarceration at the Washington County jail. (Doc. 1 at 4). According to the complaint, on or around September 22, 2021, LaShare was being beaten up daily, ostensibly by other

inmates; on or around October 12, 2021, he was denied a "COVID 19 hygiene and food packet;" and, throughout his incarceration, he was subjected to overcrowding and unsanitary living conditions. (Id.). LaShare claims that Defendant Cooly, the Jail Administrator, refused his requests for help. (Id.).

On January 5, 2022, the Court issued an order informing LaShare that the Court had been advised by the administrator's office at the Washington County jail that he had been released upon order of the court on November 10, 2021, and did not leave a forwarding address. LaShare did not advise this Court of any change in his address or of a forwarding address.

Notwithstanding the foregoing, the Court located a possible address for LaShare in his motion to proceed without prepayment of fees (Doc. 2), namely: 5336 Mini Farm Road, Meridian, Mississippi, 39301. The Court ordered LaShare to file a new motion to proceed without prepayment of fees, no later than February 1, 2022, as the Court had no way of collecting the filing fee from him, given his apparent release from custody. (Doc. 4). The Court informed LaShare that, in lieu of filing a new motion, he could pay the statutory filing fee of $402.00 no later than February 1, 2022. (Id.).

The Court also informed LaShare that, given his failure to advise the Court of his change of address upon his release from custody, it appeared that he may have lost interest in this litigation. The Court cautioned LaShare that failure to comply with the Court's order within the prescribed time or to notify the

Court of a change in his address would be treated as an abandonment of the prosecution of this action, and the action would be dismissed without prejudice.

LaShare was served with the Court's order at his last known address at the Washington County jail and at 5336 Mini Farm Road, Meridian, Mississippi, 39301. However, on January 25, 2022, the mail addressed to the Washington County jail was returned to the Court as undeliverable. (Doc. 5). The mail addressed to LaShare's Mississippi address has not been returned.

To date, LaShare has not responded to the Court's order, nor has he notified the Court of his change of address. Given LaShare's release from jail and failure to provide a forwarding address, the Court has no further means of contacting or communicating with LaShare.

**II. DISCUSSION**

"An action may be dismissed if a [plaintiff] fails to prosecute it or if he fails to comply with any court order." Bass-El v. District Attorney, Mobile Cnty., 2016 U.S. Dist. LEXIS 87762, *3, 2016 WL 3675803, *1 (S.D. Ala. June 15, 2016), *report and recommendation adopted*, 2016 WL 3676613 (S.D. Ala. July 7, 2016)(citing Fed. R. Civ. P. 41(b)). "District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and*

3

*recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)).

Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to prosecute or abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted). "[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se*

4

litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 F. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).

In the instant action, LaShare was released from jail approximately three months ago. He has failed to refile his motion to proceed without prepayment of fees, as ordered, and he has failed to notify the Court of his change of address. This conduct strongly suggests that LaShare has lost interest in this litigation and does not intend to prosecute this action. This is particularly true given that the Court has no way to communicate with LaShare since his release from custody approximately three months ago because he has provided the Court with no forwarding address.

Accordingly, under the circumstances, the Court finds that no alternatives short of dismissal will suffice. Cf. Bass-El, 2016 U.S. Dist. LEXIS 87762 at *3, 2016 WL 3675803 at *2 (petitioner's action was dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to obey the court's order where petitioner failed to respond to the court's order, and the order was returned to the court as undeliverable -- apparently because petitioner was no longer confined in the Mobile County Metro Jail, the address supplied when he filed his habeas petition).

## III. CONCLUSION

For the reasons set forth herein, the undersigned **RECOMMENDS** that this action be **DISMISSED, without prejudice**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to obey the Court's order and failure to prosecute.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made,

6

state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **16th** day of **February, 2022.**

                                             **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**